UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HEARTLAND PAYMENT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CV-350 |
| | ) | (VARLAN/GUYTON) |
| HICKORY MIST LUXURY CABIN RENTALS, | ) | |
| LLC, JAMES EDWARD DeVANE, | ) | |
| BARBARA DeVANE, GLORIA DeVANE, | ) | |
| J. PATRICK LANDERS, RICKI LANDERS, | ) | |
| BANK OF AMERICA, N.A., | ) | |
| SUNTRUST MORTGAGE, INC., | ) | |
| PRLAP, INC., TRUSTEE, and | ) | |
| LARRY A. WEISSMAN, TRUSTEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on Defendants' Motion to Dismiss Fraudulent Conveyance Claim and Motion to Dismiss Defendant Gloria DeVane [Doc. 27] and James Edward DeVane's Motion for Order Denying Plaintiff's Petition for Writ of Attachment [Doc. 29]. Plaintiff filed a response to each motion [Docs. 43, 44], and defendants replied [Docs. 45, 46]. For the reasons explained herein, the Court will grant defendants' motions.

I.    **Background**

Plaintiff commenced this action on July 25, 2011 [Doc. 1]. Plaintiff alleges that it and defendant Hickory Mist Luxury Cabin Rentals, LLC ("Hickory Mist") entered into a Merchant Processing Agreement whereby plaintiff would process all bankcard transactions for Hickory Mist's cabin-rental business [*Id*. ¶ 18]. Plaintiff further alleges that in

conjunction with the agreement, defendants J. Patrick Landers and Ricki Landers (together, the "Landers Defendants") and James Edward Devane and Barbara Ann DeVane executed personal guaranty agreements wherein the agreed to be jointly and severally liable to plaintiff for all terms, conditions, and obligations imposed upon Hickory Mist pursuant to the Merchant Processing Agreement (the "Guaranties") [*Id*. ¶¶ 21, 24].

Plaintiff bases its claims on the alleged breach of the Merchant Processing Agreement and the Guaranties [*Id*. ¶¶ 36, 43]. Plaintiff also alleges that defendants fraudulently transferred assets and funds from Hickory Mist with the intent to hinder, delay, or defraud plaintiff or other creditors of Hickory Mist in violation of Tennessee's Uniform Fraudulent Transfers Act ("TUFTA") [*Id*. ¶¶ 46–51].

In addition, plaintiff's complaint contains a petition for writ of attachment, which seeks an attachment of James Edward DeVane's interest in certain real property located in the State of Tennessee [Doc. 1 ¶¶ 52–65]. In particular, plaintiff seeks to attach real property located at: (1) 2610 Waldens Creek Road, Sevierville, Tennessee 37862; (2) 225 Collier Drive #2108, Sevierville, Tennessee 27862; and (3) 225 Collier Drive #2208, Sevierville, Tennessee 27862 (collectively, the "DeVane Properties") [*Id*. ¶ 55].

II. **Analysis of James Edward DeVane's Motion for Order Denying Plaintiff's Petition for Writ of Attachment**

The procedural authority for seeking prejudgment attachment of the DeVane Properties is Rule 64 of the Federal Rules of Civil Procedure. Rule 64 provides: "At the commencement of and throughout an action, every remedy is available that, under the law

2

of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P 64(a). "But a federal statute governs to the extent it applies." *Id.* Plaintiff has not asserted any ground under federal law, but explicitly cites to Tennessee law, namely Tenn. Code Ann. § 29-6-101(1). That provision of Tennessee law provides:

> Any person having a debt or demand due at the commencement of an action, or a plaintiff after action for any cause has been brought, and either before or after judgment, may sue out an attachment at law or in equity, against the property of a debtor or defendant, in the following cases:
>
> (1) Where the debtor or defendant resides out of the state.

Tenn. Code Ann. § 29-6-101(1). Plaintiff alleges that the owner of the property, defendant James Edward DeVane ("Mr. DeVane"), is a resident of the State of Maryland [Doc. 1 ¶ 4], and Mr. DeVane concedes this point [Doc. 30]. Thus, statutory grounds exist for the attachment of real property that he owns in the State of Tennessee.

Mr. DeVane argues that he owns the DeVane Properties with his wife, defendant Gloria DeVane (together with Mr. DeVane, the "DeVanes"), as tenants by the entirety; thus, he claims, plaintiff may attach only Mr. DeVane's right of survivorship, but that such right is essentially worthless, so the petition should be denied [Docs. 30, 46]. Plaintiff disputes that all the properties are held by the DeVanes as tenants by the entirety and asserts that, even if they are held by the DeVanes as tenants by the entirety, plaintiff may still attach Mr. DeVane's right of survivorship [Doc. 43]. Accordingly, the Court must first determine whether the DeVane Properties are held by the DeVanes as tenants by the entirety.

3

The parties agree that the Waldens Creek Road property is held by the DeVanes as tenants by the entirety. Indeed, the deed for that property reflects such [*See* Doc. 31-1]. The parties disagree that the Collier Drive properties are held by the DeVanes as tenants by the entirety because only Mr. DeVane's name is on the deeds for those properties [*See* Docs. 31-2, 31-3].

Under Tennessee law, property acquired during a marriage is presumed to be held as a tenancy by the entirety, unless proven otherwise. *See In re Estate of Grass*, No. M2005-COA-R3-CV, 2008 Tenn. App. LEXIS 343, at *34 (Tenn. Ct. App. June 4, 1988) (citation omitted). Mr. DeVane has submitted an affidavit that he and his wife purchased the Collier Drive properties after they were married and that it was his intent that the Collier Drive properties be held by he and his wife as tenants by the entirety, despite the fact that only his name appears on the deeds [Doc. 31]. The Tennessee Supreme Court has permitted extrinsic evidence to establish the type of ownership intended by a husband and wife. *Griffin v. Prince*, 632 S.W.2d 532, 535 (Tenn. 1982) (citing *Oliphant v. McAmis*, 273 S.W.2d 151 (1954)); *see also United States v. Ragsdale*, 206 F. Supp. 613, 615 (W.D. Tenn. 1962) (noting that *Oliphant* holds that even where the instrument conveying title to property "shows only the name of the husband, it may be proved by surrounding circumstances as well as statements of the husband that he intended to hold as [sic] tenant by the entirety and such a tenancy thereby established"). Although plaintiff claims the facts of these cases are inapposite to the ones presently before the Court, the legal principal is nonetheless controlling. Thus, and because the Tennessee Supreme Court has previously "gone very far

in finding that spouses owned real or personal property as tenants by the entirety, despite the fact that a title document indicated otherwise," *Griffin*, 632 S.W.2d at 535 (citation omitted), the Court affords credible weight to the affidavit of Mr. DeVane and finds that the Collier Drive properties are held by the DeVanes as tenants by the entirety.

This brings the Court, then, to the question of whether Mr. DeVane's survivorship interests may be attached by plaintiff. The parties agree that only Mr. DeVane's survivorship interest may be attached by plaintiff, but Mr. DeVane argues that his survivorship interest has no market value and should not therefore be subject to attachment at the prejudgment stage [Doc. 43]. Further, he argues that, even if there is some market value, the request for attachment is inappropriate at the prejudgment stage [*Id*.]. Plaintiff counters that defendant has no authority for this proposition, and cites cases that it allege stand for the proposition that a creditor may attach a spouse's survivorship interest [Doc. 43].

The Court finds that it need not address Mr. DeVane's argument that his survivorship interest has no market value and thus cannot be attached prejudgment because Tenn. Code Ann. § 29-6-102 precludes attachment in this case. That section provides: "An attachment may, in like manner, be sued out upon debts or demands not due, in any of the cases mentioned in § 29-6-101, except the first; that is, when the debtor or defendant resides out of the state." Tenn. Code Ann. § 29-6-102. Because plaintiff relies solely upon the fact that Mr. DeVane resides out of the state for purposes of his petition for writ of attachment, and because the debt is not yet due, plaintiff is precluded from seeking attachment. Also, although plaintiff cites various cases, including *Citizens & Southern National Bank v. Auer*,

5

640 F.2d 837 (6th Cir. 1981), *United States v. Goddard*, 735 F. Supp. 2d 820 (E.D. Tenn. 2010), *Weaver v. Hamrick*, 907 S.W.2d 385 (Tenn. 1995, and *Weaks v. Gress*, 474 S.W.2d 424 (Tenn. 1971), they are distinguishable because they address situations where Tennessee courts have allowed judgment creditors to attach a spouse's survivorship interest, and each creditor had proved the validity of the asserted indebtedness. Again, that is not the case here as no debt is yet due. Thus, in light of Tenn. Code Ann. § 29-6-102 and the fact that plaintiff points to no case law to allow it to attach Mr. DeVane's survivorship interest in the DeVane Properties even though no debt is yet due, the Court will grant Mr. DeVane's motion and deny plaintiff's petition for writ of attachment.

**III. Analysis of Defendants' Motion to Dismiss Fraudulent Conveyance Claim and Motion to Dismiss Defendant Gloria DeVane**

    **A.    Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a

6

cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, —, 129 S. Ct. 1937, 1949 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citation omitted).

**B.     Plaintiff's Claim for Fraudulent Conveyance Fails to Comport with Rule 9(b)**

Plaintiff's claim for fraudulent conveyance alleges that the DeVanes have filed a separate action against the Landers in state court, which asserts that the Landers illegally converted $838,000 to their own use from Hickory Mist [Doc. 1 ¶ 47]. Plaintiff attaches the complaint in that action to the complaint in this action [Doc. 1, Ex. 5]. Plaintiff asserts that to the extent any of the defendants transferred assets and funds from Hickory Mist with the intent to hinder, delay, or defraud plaintiff or other creditors of Hickory Mist or to the extent any of the defendants fraudulently transferred assets and funds from Hickory Mist without

7

reasonable equivalent consideration in exchange for the transfer, such transfers are fraudulent conveyances under the TUFTA [*Id.* ¶¶ 49–51]. Defendants Hickory Mist, James Edward Devane, Barbara Ann DeVane, and Gloria Salug DeVane argue that plaintiff's claim fails to comport with Rule 9(b) of the Federal Rules of Civil Procedure and thus should be dismissed for failure to state a claim [Docs. 27, 28]

Courts have found that fraudulent conveyance claims brought under TUFTA must comport with the particularity pleading requirement of Rule 9(b). *See United States v. Buaiz*, No. 3:07-CV-83, 2008 U.S. Dist. LEXIS 100393, at *5–6 (E.D. Tenn. Dec. 11, 2008) (applying Rule 9(b) to the plaintiff's claim of fraudulent conveyance under TUFTA); *Eastwood v. IRS*, No. 2:06-CV-164, 2007 U.S. Dist. LEXIS 71892, at *10–11 (E.D. Tenn. Sept. 25, 2007) (same). Rule 9(b) requires that all averments of fraud or mistake be pleaded with particularity. Fed. R. Civ. P. 9(b). In order to comply with the Rule 9(b) requirement, a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation and internal quotation marks omitted). Pleading these elements "ensur[es] that a defendant is provided with at least the minimum degree of detail necessary to bring a competent defense' to a claim of fraud." *United States v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008).

Plaintiff's allegations fail to include any particularized facts with respect to the who, the what, the when, the where, and the how regarding the alleged fraudulent conduct. There

8

is no allegation regarding the time or place in which the fraudulent representations or transfers were made. Thus, plaintiff's allegations fail to satisfy the Rule 9(b) standard.

Moreover, the allegations refer to "the Defendants" in the plural sense without specifying the particularities of the conduct of each defendant [*See* Doc. 1 ¶¶ 49–50]. Such further compels the conclusion that plaintiff's allegations do not comport with the requirement of Rule 9(b). *See Cricket Commc'ns, Inc. v. Eleiwa & Sons, Inc.*, No. 2:08-CV-02541, 2009 U.S. Dist. LEXIS 104934, at *7 (W.D. Tenn. Nov. 10, 2009) (finding the complaint, which referred to the defendants in the plural sense, failed to specify the particularities of the conduct of each defendant and thus failed to afford the requisite notice under Rule 9).

Plaintiff asserts that its claim satisfies Rule 9(b) because it relies upon the allegations James Edward DeVane, Gloria DeVane, Samuel James DeVane, and Barbara DeVane made against the Landers Defendants in a separate lawsuit filed in state court and because it attached the complaint in that action to its complaint in this action [Doc. 44]. The attached state-court complaint, however, also fails to contain allegations regarding the time or place in which any fraudulent representations or transfers were made; thus, it does not help satisfy the requirement of Rule 9(b). Plaintiff also attaches to its response to the motion to dismiss the Landers Defendants' answer and counter-complaint filed in the state-court action [*See* Doc. 44-1]. Plaintiff's reliance on this document, however, is misplaced. *See*, *e.g.*, *Tex. Water Supply Corp. v. Reconstruction Finance Corp.*, 204 F.2d 190, 196 (5th Cir. 1953) ("Rule 10(c), Federal Rules of Civil Procedure, permits reference to pleadings and exhibits

9

in the same case, but there is no rule permitting the adoption of a cross-claim in a separate action in a different court by mere reference."); *Davis v. Bifani*, No. 07-CV-00122-MEHBNB, 2007 WL 1216518, at *1 (D. Colo. April 24, 2007) ("[T]he Court does not believe that it is proper to incorporate by reference wholesale the allegations in a complaint in a completely separate action, even if that action is between the same parties. Such a practice violates the requirements of Fed. R. Civ. P. 8(a) requiring a short and plain statement of the claim." (citations omitted)); *Hall v. Tyco Int'l, Ltd.*, 223 F.R.D. 219, 261 (M.D.N.C. 2004) (noting that although Federal Rule of Civil Procedure 10(c) allows incorporation by reference of pleadings in the same action, allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference). Further, Rule 11 provides that every pleading must be signed by at least one attorney of record, and the answer and counter-complaint filed in state court was not signed by plaintiff's attorney, but rather the Landers Defendants' attorney in that action [*See* Doc. 44-1].

Accordingly, plaintiff's fraudulent conveyance claim will be dismissed pursuant to Rule 9(b) and Rule 12(b)(6).

### C. Gloria DeVane Will be Dismissed from this Action

Defendants Hickory Mist, James Edward Devane, Barbara Ann DeVane, and Gloria Salug DeVane argue that defendant Gloria DeVane should be dismissed from this action because the complaint states that she was named as a defendant solely due to her ownership interest in the DeVane Properties and because plaintiff may not attach the DeVane Properties [Doc. 28]. Plaintiff concedes that Gloria DeVane was named as a party solely due to her

ownership interest in the DeVane Properties [*See* Doc. 44]. Thus, in light of the fact that the Court will grant Mr. DeVane's motion and deny plaintiff's petition for writ of attachment, the Court finds that the complaint fails to state a claim against Gloria DeVane and that she should be dismissed from this action.[1]

**IV. Conclusion**

For the reasons explained herein, the Court will **GRANT** James Edward DeVane's Motion for Order Denying Plaintiff's Petition for Writ of Attachment [Doc. 29] and **GRANT** Defendants' Motion to Dismiss Fraudulent Conveyance Claim and Motion to Dismiss Defendant Gloria DeVane [Doc. 27]. Accordingly, the Court will **DISMISS** plaintiff's petition for writ of attachment, **DISMISS** plaintiff's claim for fraudulent conveyance, and **DISMISS** defendant Gloria DeVane as a party to this action. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

---

[1] For the same reason, the Court declines to address plaintiff's argument that Gloria DeVane is a necessary party.